60 F.3d 521
 48 Soc.Sec.Rep.Ser. 402, Unempl.Ins.Rep. (CCH) P 14695B,
95 Cal. Daily Op. Serv. 5531,
95 Daily Journal D.A.R. 9436
Epigmenio MONCADA, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 94-55110.
 United States Court of Appeals,
Ninth Circuit.
 Submitted June 8, 1995*.
Memorandum Filed June 12, 1995.
Order and Opinion Filed July 18, 1995.
 
 Henry N. Ernecoff, Ernecoff & Roche, San Diego, CA, for plaintiff-appellant.
 Michael R. Power, Asst. Regional Counsel, San Francisco, CA, for defendant-appellee.
 Appeal from the United States District Court for the Southern District of California.
 Before: WALLACE, Chief Judge, KOZINSKI and RYMER, Circuit Judges.
 ORDER
 The memorandum disposition filed June 12, 1995, is redesignated as a per curiam opinion.
 OPINION
 PER CURIAM:
 
 
 1
 Moncada appeals the district court's summary judgment affirming the decision of the Secretary of Health and Human Services (Secretary) denying Moncada's application for disability insurance benefits. The district court had jurisdiction pursuant to 42 U.S.C. Sec. 405(g). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 2
 The district court's summary judgment is reviewed de novo. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992). We must affirm if we determine that substantial evidence supports the findings of the administrative law judge (ALJ) and that the ALJ applied the correct legal standards. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989). Substantial evidence is more than a mere scintilla but less than a preponderance--it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion. Id. We look at the record as a whole. Id. Where evidence is susceptible to more than one rational interpretation, the decision of the ALJ must be upheld. Id.
 
 
 3
 Moncada first argues that the ALJ erred by concluding that Moncada's impairment did not make him disabled within the meaning of section 1.05(C) of the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1 (1994). That section provides that a person is disabled if he has a herniated nucleus pulposus "with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months ... (1) Pain, muscle spasm, and significant limitation of motion in the spine; and (2) Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss."
 
 
 4
 The Secretary does not deny that Moncada had a herniated nucleus pulposus. However, the ALJ specifically determined that Moncada "does not have any impairment or combination of impairments" that would make him disabled under Subpart P, Appendix 1 of the relevant regulation. That finding is supported by substantial evidence. Dr. Kurland, one of Moncada's treating physicians, reported that in December 1988 Moncada "will probably do fairly well if he is able to do a lighter type of work activity." In addition, examinations by Dr. Anand, in February and November of 1991, show that while Moncada may have had pain in his lower back resulting in some numbness in his legs, his hips, knees, and ankles had a "normal range of motion." Furthermore, Moncada was "not participating in any vocational rehabilitation program" between the February and November examinations. The ALJ could credit these reports. See Andrews v. Shalala, 53 F.3d 1035, 1040-42 (9th Cir.1995) (discussing ability of ALJ to credit or discredit opinions of treating and nontreating physicians). The medical evidence here supports the determination that Moncada was not disabled under the relevant regulation.
 
 
 5
 Moncada next argues that the ALJ's credibility determinations relating to Moncada's claims of excessive pain are not supported by substantial evidence.
 
 
 6
 Once a claimant produces medical evidence of an underlying impairment which is reasonably likely to be the cause of some pain, the ALJ may not discredit a claimant's testimony of pain ... solely because the degree of pain alleged ... is not supported by objective medical evidence.... [T]he ALJ cannot reject testimony of pain without making findings sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. Factors that the adjudicator may consider when making such credibility determinations include the claimant's daily activities, inconsistencies in testimony, effectiveness or adverse side effects of any pain medication, and relevant character evidence.
 
 
 7
 Orteza v. Shalala, 50 F.3d 748, 749-50 (9th Cir.1995) (Orteza ) (internal quotations and citations omitted).
 
 
 8
 The ALJ gave specific reasons for discrediting Moncada's testimony of excessive pain. Among those reasons were that Dr. Anand believed that Moncada could do sedentary work, that Moncada said that he uses pain medication infrequently, and that Moncada's testimony about his daily living activities were much more limited than those reported in a disability report completed by him prior to his testimony. These specific reasons for rejecting Moncada's claims of excessive pain were valid. See id. (examination of initial disability application for inconsistencies with testimony, reliance on doctor report, and fact that no prescription pain medication was used by claimant were sufficient to support ALJ's discrediting complaints of pain).
 
 
 9
 Moncada next argues that the ALJ did not consider the combined impact of Moncada's exertional and nonexertional impairments, as required by 42 U.S.C. Sec. 423(d)(2)(B). The ALJ did find that Moncada was limited by his herniated disc, which resulted in a holding that he could perform only sedentary work. The ALJ found that Moncada's right lower extremity could not be repeatedly used. Moncada argues, however, that the ALJ did not consider "the degree of pain Mr. Moncada alleges." However, as we have concluded above, the ALJ had specific reasons for rejecting Moncada's claims of excessive pain. There are no other factors pointed out by Moncada that the ALJ failed to consider when determining whether Moncada could perform sedentary work.
 
 
 10
 Moncada also argues that based on the hypothetical question to the vocational expert, the jobs chosen for Moncada (i.e. a grader/sorter, sedentary assembly worker, production inspector, and food preparation worker) were inappropriate because (1) several of these jobs, as defined by the Dictionary of Occupational Titles (DOT), require a strength of more than sedentary work and (2) the total number of these jobs are insignificant.
 
 
 11
 The fact that some jobs listed by the vocational expert as sedentary are also listed as "light" work in the DOT is irrelevant. Vocational experts "can testify whether particular applicants for disability benefits would be able to perform subcategories of jobs within the DOT." Distasio v. Shalala, 47 F.3d 348, 350 (9th Cir.1995); see also Barker v. Secretary of Health and Human Svcs., 882 F.2d 1474, 1478 n. 1 (9th Cir.1989) (Barker ) (vocational expert can testify as to jobs which he described as light work even though same category of job was listed in DOT as requiring medium work). Because vocational experts discuss more specific jobs than the general category of job found in the DOT, that the DOT has other jobs which also fall into the general "category" of work that Moncada is able to perform is of no moment.
 
 
 12
 Moncada also argues that these jobs are not available in significant numbers. According to the vocational expert, over 2,300 of these sedentary jobs exist in San Diego County and 64,000 exist nationwide. Such jobs exist in significant numbers within the region so as to meet the requirements of 42 U.S.C. Sec. 423(d)(2)(A). Barker, 882 F.2d at 1478-79 (concluding that 1,266 jobs are within the parameters of section 423(d)(2)(A)).
 
 
 13
 Finally, Moncada argues that the district court made statements at the October 4, 1993, hearing that showed that the court was partial to Moncada's claim. The relevance of such remarks are not, however, grounds for ruling in Moncada's favor. At the November 8, 1993, hearing, the district court denied the appeal, stating: "This Court is not the trier of the case." We agree with that statement. To the extent we perform de novo review of the district court's summary judgment ruling, we, like the district court, examine the record to see if the ALJ's conclusions are supported by substantial evidence. We do not retry the case or alter credibility determinations and factual findings where the evidence is susceptible of more than one rational interpretation. Orteza, 50 F.3d at 749.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4