69 F.3d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gloria J. LANIER, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
** Defendant-Appellee.
 No. 94-35413.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 1, 1995.
 
 Before: BEEZER, THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Gloria J. Lanier appeals the denial of her application for social security disability benefits. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 BACKGROUND
 
 3
 Lanier is a fifty-year-old woman whose employment experience includes work as a nursing assistant, a medical assistant and an insurance billing clerk. She obtained her GED in 1981 and received medical assistance training in 1983.
 
 
 4
 In 1981 she injured her back and underwent a laminectomy and discectomy. She was off work due to the injury and surgery but returned to work in 1983. In 1987 she injured her shoulder and neck and aggravated her back pain while lifting a typewriter at her job as an insurance billing clerk. She stopped working in February 1990, alleging disability due to back and shoulder pain. In October 1990 she injured her knee in an accident at home.
 
 
 5
 Lanier was examined many times by physicians in connection with her injuries. In February 1988, Dr. Bernard Van Hal reported that her condition had been improving but that she was having some back and neck pain again. She reported improvement to Dr. Van Hal in March 1988, June 1988, and September 1990. In January 1991, Dr. Jerald Dihl reported that she complained of intermittent pain in her shoulder and very occasional upper back pain requiring no medication.
 
 
 6
 Lanier's 1990 application for social security benefits was denied initially and upon reconsideration. An ALJ held hearings on the application in 1992. He concluded that she was not disabled under the Social Security Act. He found that she suffered from a lower back injury, a knee injury, right shoulder strain, migraine headaches, dysthymia, and possible prescription medication dependence. He also found, however, that her testimony was not fully credible and that her impairments did not prevent her from performing her past work as an insurance billing clerk.
 
 
 7
 Lanier's request for review was denied. She appealed to the district court. A magistrate judge recommended affirmance and the district court agreed. She appeals the ALJ's rejection of her pain testimony.
 
 ANALYSIS:
 
 8
 A district court's order upholding the Secretary's denial of benefits is reviewed de novo. Andrews v. Shalala, 53 F.3d 1035, 1039 n. 1 (9th Cir.1995). We must affirm if we determine that substantial evidence supports the ALJ's findings and that the ALJ applied correct legal standards. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir.1995). Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Id. We look at the record as a whole, and will uphold the decision of the ALJ if the evidence is susceptible to more than one rational interpretation. Id.
 
 
 9
 The ALJ cannot reject testimony of pain without making findings sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. Id. at 524. Factors the ALJ may consider when making such credibility determinations include the claimant's daily activities and inconsistencies in testimony. Id.
 
 
 10
 Lanier argues that the ALJ erred in disregarding her testimony of limitations due to pain. Yet the ALJ gave specific reasons for discrediting this testimony. He noted that she continued to work for several years after her injuries, and that there was no evidence that her back condition had worsened. He also noted that her complaints of pain varied in severity:
 
 
 11
 On several occasions she reported improvement to Dr. Van Hal, and Dr. Dihl characterized her complaints as primarily of intermittent pain aggravated by lifting. However, at the hearing, she reported that she is much more limited. The undersigned concludes that the claimant's description of the degree of her limitations is not the most reliable.
 
 
 12
 These specific reasons are supported by substantial evidence. Because we reject Lanier's argument that the ALJ erred in disregarding her pain testimony, we must affirm.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Pursuant to Public Law No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995. In accordance with Sec. 106(d), the Commissioner of Social Security should be substituted for the Secretary of Health and Human Services as the defendant in this action. No further action need be taken to continue this suit. Id
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3