70 F.3d 1279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fred MARTIN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security
**, Defendant-Appellee.
 No. 94-35804.
 United States Court of Appeals, Ninth Circuit.
 Submitted* Nov. 17, 1995.
Decided Dec. 4, 1995.
 
 Before: WRIGHT, FERNANDEZ and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Martin appeals the denial of his application for disability benefits. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 He argues first that the ALJ erred in concluding that he did not suffer from a medically determinable mental impairment. Specifically, he contends that the ALJ improperly rejected the opinions of his examining and treating physicians. We uphold the ALJ's decision if substantial evidence supports his findings and if he applied the correct legal standards. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir.1995). Substantial evidence is such relevant evidence of record that a reasonable mind might accept as adequate to support a conclusion. Id.
 
 
 4
 The ALJ is responsible for resolving conflicts in medical testimony and is not bound by a physician's opinion on the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 750-51 (9th Cir.1989). Generally, the ALJ places more weight on the opinion of a treating physician than that of a nontreating physician, and more weight on the opinion of an examining physician than on that of a nonexamining physician. See Andrews v. Shalala, 53 F.3d 1035, 1040-41 (9th Cir.1995). He need not accept a treating physician's opinion which is "brief and conclusionary in form with little in the way of clinical findings to support [its] conclusion." Magallanes, 881 F.2d at 751.
 
 
 5
 Here, Dr. Mathias, Martin's only treating physician, reported that Martin suffered from "major depression, secondary to back injury in 1986." To the extent that this opinion could be considered a conclusion of disability, it was controverted by the opinion of Dr. Londborg, a nontreating but examining physician. He reported that "[f]rom a psychiatric perspective, [Martin] should be capable of maintaining gainful employment." The ALJ was allowed to credit this opinion over Dr. Mathias's conclusionary opinion because Dr. Londborg based his report on independent clinical findings. Andrews, 53 F.3d at 1041 ("[w]here the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict.").
 
 
 6
 Dr. McHugh, an examining psychologist, also concluded that Martin suffered from depression, reporting that he had "acute psychological symptoms" of a chronic nature. To the extent that this opinion could be considered a conclusion of disability, it too was controverted. Dr. Olson, a nonexamining expert witness, challenged Dr. McHugh's test results and testified that Martin did not suffer from a medically determinable mental impairment.
 
 
 7
 The ALJ was allowed to discount Dr. McHugh's controverted opinion on the basis of this nonexamining expert testimony because she gave specific, legitimate reasons supported by substantial evidence. Id. at 1041-42. In particular, she noted that Dr. McHugh's conclusions were based on invalid test results. The record supported this reasoning. Dr. McHugh conceded in his report that his personality examination of Martin may have been invalidated by exaggerated answers. Also, Dr. Olson testified that Dr. McHugh's neuropsychological examination was invalid because it was administered in isolation and not as part of a battery. The inconsistency between this test and Dr. McHugh's other tests, which showed average intelligence and normal memory, supported Dr. Olson's conclusion. The ALJ properly discounted Dr. McHugh's opinion.
 
 
 8
 The only doctor to conclude specifically that Martin's depression was disabling was Dr. Londborg. His opinion, however, was controverted by his earlier opinion that "[f]rom a psychiatric perspective, [Martin] should be capable of maintaining gainful employment." The ALJ did not need to provide specific, legitimate reasons for discounting the later opinion, but could simply rely on the equally authoritative earlier opinion of Dr. Londborg. Id. at 1041. Nonetheless, she did provide such reasons. She said that the later opinion was based on an examination of Martin conducted six months after his insured status expired, and was based on minimal objective findings.
 
 
 9
 Substantial evidence supported her reasoning. In the later opinion, Dr. Londborg said that Martin at present was suffering from depression to a degree that would make it difficult if not impossible for him to work. Although his depression may have been disabling in June 1992, Martin had the burden of showing that it had reached disabling severity prior to the expiration of his insured status on December 31, 1991. Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir.1995).
 
 
 10
 Also, Dr. Londborg expressed some reservations about his minimal findings, noting that they were based primarily on the self-report of a man who "seems fairly comfortable having his wife support him and doing odd jobs around the house." Under the circumstances, the ALJ appropriately questioned Martin's credibility. She pointed out that he led a relatively active life at home, belying his complaints of disabling mental impairment. She also pointed out that he had not taken recommended antidepressant medication to improve his condition, and had raised the allegation of depression about four years after the alleged onset date. See Andrews, 53 F.3d at 1040 ("ALJ may properly consider a claimant's lack of credibility and the extent to which his physician's opinion is influenced by the claimant's own information."). The judge did not err in discounting the later opinion of Dr. Londborg, and her finding that Martin did not suffer from a medically determinable mental impairment was supported by substantial evidence.
 
 
 11
 Martin also argues that the ALJ erred in applying the Medical-Vocational Guidelines to show that he can perform other substantial gainful activity and is therefore not disabled. The ALJ could not rely on the Guidelines if Martin's non-exertional limitations, such as his mental difficulties, were "sufficiently severe" to limit significantly the range of work permitted by his exertional limitations. Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir.1988). There was no evidence, however, of a "sufficiently severe" non-exertional limitation because Martin, as the ALJ found, did not suffer from a medically determinable mental impairment. The ALJ did not err in applying the Guidelines. Upon review, the district court agreed.
 
 
 12
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Pursuant to Public Law No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995. In accordance with Sec. 106(d), the Commissioner of Social Security should be substituted for the Secretary of Health and Human Services as the defendant in this action. No further action need be taken to continue this suit. Id
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3