81 F.3d 168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond R. LEE, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 95-15877.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 2, 1996.**
Decided March 21, 1996.
 
 Before: CHOY, SNEED, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Raymond R. Lee appeals pro se the district court's summary judgment in favor of the Commissioner of Social Security ("Commissioner"). We affirm.
 
 Factual and Procedural Background
 
 3
 On July 24, 1991, Lee applied for disability insurance and supplemental security income benefits under the Social Security Act, 42 U.S.C. §§ 401 & 1382. Lee claimed that a chronic back problem and bad legs had disabled him since May 1988. The Social Security Administration denied Lee's application on December 31, 1991, and denied Lee's request for reconsideration on May 12, 1991. On March 23, 1993, an administrative law judge ("ALJ") denied Lee's application. On July 26, 1993, the Appeals Council denied Lee's request for review of the ALJ's decision.
 
 
 4
 On September 16, 1993, Lee sought review under 42 U.S.C. § 405(g) in federal district court. On April 6, 1995, the district court found that substantial evidence supported the Commissioner's decision and granted the Commissioner's cross-motion for summary judgment. Lee timely appeals.
 
 Analysis
 
 5
 A. Standard of Review.
 
 
 6
 We review the district court's summary judgment de novo. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir.1995). We must affirm if substantial evidence supports the findings of the ALJ and the ALJ applied the correct legal standards. Id. Lee bears the burden of proving that he is disabled. Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir.1995).
 
 
 7
 B. Lee's back impairment.
 
 
 8
 Lee argues that the ALJ erroneously relied on Dr. Ross's orthopedic examination to conclude that he was not disabled.
 
 
 9
 Substantial evidence supports the ALJ's conclusion that Lee retained the residual functional capacity to perform "the duties and demands of his past relevant sedentary bank research clerk and radio dispatcher jobs and his light mail handler job." ALJ's Decision at 6.
 
 
 10
 The 1988 treatment reports from the Santa Clara Valley Medical Center indicated that, although Lee suffered from a "mild posterior bulging of the disc," (1) there was no "compromise of the thecal sac or the nerve roots," (2) Lee's spine mobility was good and (3) his motor strength and reflexes were normal.
 
 
 11
 Likewise, the 1989 to 1992 orthopedic treatment reports from San Francisco General Hospital indicated that (1) Lee could raise his legs in a normal manner, (2) Lee did not experience tenderness in the lumbosacral area of his spine, (3) Lee had a normal gait and (4) at the end of six sessions of physical therapy in 1990, Lee experienced "no more pain" in his lower back and "became asymptomatic."
 
 
 12
 In addition, Dr. Ross's 1991 consultative orthopedic examination indicated that, despite a mild protrusion in Lee's spine, Lee's neurological and muscle examination tested normal. Dr. Ross concluded that Lee (1) could carry twenty-five pounds, (2) could perform occasional lifting of up to fifty pounds, (3) could stand and walk for six hours in an eight-hour period, (4) could sit for six hours in an eight-hour period and (5) had "good use of his hands and fingers for repetitive hand finger action."
 
 
 13
 Substantial evidence thus supports the ALJ's conclusion that Lee retained the residual functional capacity to perform light work activities related to his prior bank research clerk, radio dispatcher and mail handler positions.
 
 
 14
 C. Lee's subjective complaint of debilitating lower-back pain.
 
 
 15
 Lee argues that the ALJ improperly discredited his allegations of debilitating lower-back pain.
 
 
 16
 So long as the adjudicator makes specific findings that are supported by the record, the adjudicator may discredit the claimant's allegations based on inconsistencies in the testimony or on relevant character evidence. But the adjudicator may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence.
 
 
 17
 Bunnell v. Sullivan, 947 F.2d 341, 346-347 (9th Cir.1991).
 
 
 18
 Substantial evidence supports the ALJ's specific finding that Lee's "allegation of disabling low back pain is not credible." The ALJ identified several factors beyond the lack of objective medical evidence which support this finding:
 
 
 19
 The medical evidence shows that the claimant does not have any neurological abnormalities that can be associated with low-back pain. Moreover, following the physical therapy in September 1990, he was asymptomatic. He has never been hospitalized, has never had surgery or traction, and has never had a body cast, braces or ambulatory aids prescribed. Most importantly, the only pain-relief treatment he receives is Motrin. It is also noted that despite his allegation of disabling low-back pain, the claimant worked as a mail handler for approximately 3 months in 1990 and afterwards received State Unemployment Benefits [for which he certified that he was willing and able to work.]
 
 
 20
 ALJ's Decision at 5. These factors support the ALJ's specific finding that Lee's allegation of debilitating pain is not credible.
 
 
 21
 D. Substantial gainful activity.
 
 
 22
 Lee argues that the ALJ erroneously found that the time he spent as a mail handler constituted substantial gainful activity under Social Security Ruling 84-25. Lee, however, did not raise this argument before the district court. Absent exceptional circumstances not present here, we will not hear a claim presented for the first time on appeal. Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir.1988).
 
 
 23
 The judgment of the district court is AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3