105 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William L. TYLER, Plaintiff-Appellant,
v.
Shirley S. CHATER,* Commissioner, Social
Security Administration, Defendant-Appellee.
 No. 95-35528.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1996.**
Decided Dec. 31, 1996.
 
 Before: SNEED, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 William Tyler appeals the district court's grant of summary judgment affirming the decision of the Commissioner of Social Security in Tyler's claim for disability insurance benefits. The district court had jurisdiction pursuant to 42 U.S.C. § 405(g). We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 I.
 FACTS AND PROCEDURAL HISTORY
 
 3
 On July 29, 1991, William Tyler sustained a back injury as a result of a work-related accident. In March 1992, Tyler applied to the Social Security Administration for disability insurance benefits, claiming that he had been disabled since the date of the accident. On July 13, 1992, the Social Security Administration notified Tyler that he was not entitled to benefits, because he was not "disabled." Tyler requested reconsideration of that ruling. In response, the Social Security Administration reviewed its prior findings and, once again, notified Tyler that he was ineligible for disability benefits.
 
 
 4
 Tyler then requested a hearing before an administrative law judge (ALJ). In April 1993--one year after Tyler initially applied for benefits, and more than one and one-half years after his injury--the ALJ reached a judgment that was largely favorable to Tyler. Specifically, the ALJ decided that Tyler was entitled to disability benefits commencing on September 11, 1992, but was not entitled to benefits for the period from the date of his injury, July 29, 1991, to September 11, 1992. Tyler requested the Appeals Council to review the ALJ's decision. In October 1993, the Appeals Council denied Tyler's request for review.
 
 
 5
 Tyler thereupon filed a complaint in the United States District Court for the District of Montana, seeking judicial review of the ALJ's decision, and naming the Commissioner of Social Security as the defendant. The District Court referred the matter to a federal magistrate. Both plaintiff and defendant moved for summary judgment. The magistrate recommended, in November 1994, that the court grant the defendant's motion for summary judgment, and deny the plaintiff's motion. In March 1995, after a de novo review of the record, the court accepted the magistrate's findings and recommendations in their entirety. The grant of summary judgment to the defendant does not deprive Tyler of disability benefits; it merely fixes the starting date for his entitlement as September 11, 1992, rather than the earlier date of July 29, 1991, which Tyler seeks.
 
 II.
 ANALYSIS
 
 6
 We review de novo the district court's grant of summary judgment. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir.1996). We must affirm if we determine that substantial evidence supports the ALJ's findings, and that the ALJ applied the correct legal standards. Id. Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion. Id. Where evidence is susceptible to more than one rational interpretation, the decision of the ALJ must be upheld. Id.
 
 
 7
 In reaching the conclusion that Tyler was not disabled prior to September 11, 1992, the ALJ relied heavily on the results of a functional capacity evaluation (FCE) conducted on January 28 and 30, 1992. The FCE, conducted by a physical therapist, indicated that Tyler had the capacity to perform occupations with relatively light physical demands, since he could lift 20 pounds from the floor to waist level, 15 pounds overhead, 15 pounds at waist level, and could carry a 20 pound weight with two hands.
 
 
 8
 Appellant contends that the ALJ and district court erred by relying on the FCE results, because those results are contradicted by a physical examination conducted by Dr. Nelson, the treating physician, on February 21, 1992. We disagree. In his report of the Feb. 21 physical examination, Dr. Nelson states that the FCE "points to this patient being at the lower end of the light duty capacity and into the sedentary work capacity." Dist.Ct. Record, Exh. 15. Although Dr. Nelson did not explicitly endorse that conclusion, neither did he express any disagreement.
 
 
 9
 As the district court correctly noted, Dr. Nelson's report of the February 21 examination contains seemingly contradictory statements. On the one hand, the report suggests that Tyler "would be able to do supervisory work and/or very light duty to sedentary work." Dist.Ct. Record, Exh. 15. On the other hand, it is undisputed that Tyler could not resume his former work as a carpenter, and the report states that "[i]t is not likely that this man ... is going to be able to be retrained into anything." Id. In light of these inconsistencies, the ALJ and the district court reasonably concluded that Dr. Nelson's report did not contradict the FCE results.
 
 
 10
 Appellants urge us to consider a letter written by Dr. Nelson in September 1993, several months after the ALJ decided the case, and more than 18 months after Dr. Nelson conducted the disputed physical exam. Appellants claim that letter clearly demonstrates that Dr. Nelson disagreed with the FCE results. Even assuming that appellant's interpretation of that letter is correct, the district court reasonably concluded that "Dr. Nelson's letter is less persuasive because it came only after the ALJ issued an adverse decision to Tyler." Dist.Ct. Judgment, at 5. We cannot fault the district court's analysis in this respect.
 
 
 11
 In sum, neither Dr. Nelson's report of the examination he conducted in February 1992, nor his September 1993 letter, gives us cause to question the validity of the FCE results. Those results, standing alone, constitute substantial evidence in support of the ALJ's finding that Tyler was not disabled prior to September 11, 1992. Hence, we need not address appellant's other claims. The judgment is AFFIRMED.
 
 
 
 *
 Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of the Social Security Administration, effective March 31, 1995. In accordance with section 106(d) of the Act, Shirley S. Chater, Commissioner of the Social Security Administration, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant. Although the Secretary of Health and Human Services was responsible for the actions of the Social Security Administration at the time of its final decision in this case, we refer to the defendant as "the Commissioner" throughout this disposition for the sake of convenience
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3