112 F.3d 515
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Filemon DIAZ, Plaintiff-Appellant,
v.
SHIRLEY S. CHATER,* Commissioner, Social
Security Administration, Defendant-Appellee.
 No. 96-15849.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.**
Decided April 25, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Filemon Diaz appeals the district court's summary judgment affirming the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act ("the Act") and supplemental security income benefits under Title XVI of the Act. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.
 
 
 3
 We review de novo the district court's summary judgment affirming the Commissioner's denial of benefits. See Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). We review the decision of the administrative law judge ("ALJ") "to determine whether it was supported by substantial evidence and whether it was based on the proper legal standard." DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir.1991).
 
 
 4
 If a claimant cannot return to his previous job, the Commissioner must identify specific jobs existing in substantial numbers in the national economy that the claimant can perform. See Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir.1995). The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995). The vocational "expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy" if the assumptions in the hypothetical are not supported by the record. See DeLorme, 924 F.2d at 850. "[W]hen vocational experts identify several job categories and thousands of jobs performable in the state by the claimant, we have repeatedly found substantial evidence of performable jobs." Id.
 
 
 5
 Diaz contends that the hypothetical questions posed to the vocational expert failed to set out all of his restrictions and limitations. This contention lacks merit as to one of the hypothetical questions. We agree, however, with Diaz's contention that the Commissioner did not carry her burden of showing that a significant number of jobs existed that Diaz could perform despite his accepted limitations.
 
 
 6
 Here, two relevant hypothetical questions were posed to the vocational expert at the most recent administrative hearing. The first of the relevant hypotheticals did not reflect restrictions regarding the total time Diaz could spend sitting, standing or walking during an eight hour day, or the effect of pain on Diaz's ability to function identified by Diaz's treating physician and accepted by the ALJ. Thus, the assumptions in this hypothetical did not reflect all of Diaz's impairments supported by the medical evidence in the record. See Andrews, 53 F.3d at 1043-44.
 
 
 7
 In response to this hypothetical, the vocational expert stated that considering the physical restrictions in the hypothetical and Diaz's language and education restrictions, there would be approximately 300 bench assembly or simple fabrication jobs in the local economy. Since the hypothetical did not consider all of Diaz's limitations, the vocational testimony in response to it is insufficient to carry the Commissioner's burden of identifying a substantial number of jobs in the national economy that Diaz could perform. See Andrews, 53 F.3d at 1043-44; see also DeLorme, 924 F.2d at 849 (holding that vocational testimony has no evidentiary value if the hypothetical does not identify all of the claimant's limitations); Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir.1989) (noting that vocational testimony "is valuable only to the extent that it is supported by medical evidence").
 
 
 8
 The assumptions in another hypothetical posed to the vocational expert were, however, identical to the limitations identified in Diaz's treating physician's July 18, 1991 assessment.[1] Because the assumptions in this hypothetical were supported by the medical evidence in the record, the hypothetical question was proper. See Andrews, 53 F.3d at 1043-44.
 
 
 9
 In response to the proper hypothetical, however, the vocational expert did not provide testimony regarding the number of jobs existing in the local or national economy. Rather, the vocational expert testified that "there are some jobs in the local economy that he might be able to do." Thus, there is not substantial evidence based on the vocational testimony to support the ALJ's finding that a significant number of alternative jobs were available to the claimant. Cf. Moncada v. Chater, 60 F.3d 521, 524 (9th Cir.1995) (holding that 2,300 jobs in San Diego county were a significant number); Barker v. Secretary of HHS, 882 F.2d 1474, 1478-80 (9th Cir.1989) (holding that the ALJ's determination that a significant number of jobs existed was supported by substantial evidence where claimant could perform 1,266 jobs in local area); Martinez v. Heckler, 807 F.2d 771, 774-75 (9th Cir.1986) (holding that 3,750 to 4,250 jobs in metropolitan area were a significant number).
 
 
 10
 We reverse and remand this case to the district court with instructions to remand to the Commissioner to consider whether Diaz, who is unable to perform his past work, is able to perform any other job existing in significant numbers. See Andrews, 53 F.3d at 1044.
 
 
 11
 REVERSED and REMANDED.
 
 
 
 *
 In accordance with section 106(d) of the Social Security Independence and Program Improvements Act of 1994, 42 U.S.C. § 901, Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant-appellee
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The vocational expert's assumption in response to this hypothetical that "the pain was not such that it limited ability to perform" is worded somewhat differently than Diaz's treating physician's pain limitation. However, in posing the hypothetical to the vocational expert, the ALJ stated verbatim the treating physician's pain limitation and thus the assumptions in the hypothetical are supported by medical evidence in the record. See Andrews, 53 F.3d at 1043-44