116 F.3d 1486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald V. RICHARDSON, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of the Social Security
Administration, Defendant-Appellee.
 No. 96-35452.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
June 23, 1997.
 
 Appeal from the United States District Court for the Eastern District of Washington, No. CV-95-00192-CI; Cynthia Imbrogno, Magistrate Judge, Presiding.
 Before GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donald V. Richardson ("Richardson") appeals the district court's grant of summary judgment affirming the Commissioner of the Social Security Administration's ("Commissioner") denial of his applications for disability and supplemental security income benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's summary judgment affirming the denial of Social Security benefits. See Moncada v. Chater, 60 F.3d 521, 523 (9th Cir.1995) (per curiam). We must affirm if substantial evidence supports the findings of the administrative law judge ("ALJ") and the ALJ applied the correct legal standards. See id.
 
 
 4
 Richardson contends that the ALJ erred by rejecting an examining physician's opinion in favor of the opinion of a consulting physician. This contention lacks merit.
 
 
 5
 The ALJ may reject the opinion of an examining physician in favor of a consulting physician when he gives specific, legitimate reasons for doing so that are supported by substantial evidence in the record. See Lester v. Chater, 81 F.3d 821, 831 (9th Cir.1995). Here, the consulting physician testified that the available record did not provide sufficient medical evidence to support the examining physician's diagnosis of somatoform disorder. While the examining physician found a marked discrepancy between Richardson's claimed disability and the objective medical findings, Richardson's medical records indicated that his complaints of pain were fully explained by medical conditions. See 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.07 (1996) (defining common feature of somatoform disorders as "[p]hysical symptoms for which there are no demonstrable organic findings or known physiological mechanisms"). The examining physician offered no observational or documentary support for his findings that Richardson had marked limitations with respect to maintaining a schedule or completing a work day, nor were the findings associated with any statement about the past or future duration of the limitations. See American Psychiatric Assoc., Diagnostic and Statistical Manual of Mental Disorders (DSM-IV) 445 (4th ed.1994) (providing that "[t]he symptoms must cause clinically significant distress or impairment in social, occupational, or other areas of functioning" to warrant diagnosis of somatoform disorder).[1] Furthermore, malingering should have been strongly suspected because Richardson was referred to the examining physician by his attorney. See id. at 683. We conclude that there was substantial evidence to support the ALJ's rejection of the examining physician's opinion in favor of the consulting physician's opinion, and that the ALJ gave specific, legitimate reasons for doing so. See Lester, 81 F.3d at 831.
 
 
 6
 Richardson also contends that the ALJ erred by rejecting Richardson's claims of excess pain. This contention lacks merit because the ALJ found that a number of inconsistencies in Richardson's complaints about excess pain rendered his testimony not credible. See Bunnell v. Sullivan, 947 F.2d 341, 346-47 (9th Cir.1991) (en banc) (holding that ALJ can reject subjective complaints of pain where claimant provides inconsistent statements).
 
 
 7
 Richardson finally contends that the ALJ erred by failing to properly consider all physical and mental impairments in combination. This contention lacks merit because the ALJ provided specific, legitimate reasons for rejecting Richardson's claim of mental impairment, and the ALJ properly considered all physical impairments in combination. See 42 U.S.C. § 1382c(a)(3)(G) (1997); Gregory v. Bowen, 844 F.2d 664, 666 (9th Cir.1988).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We also note that the mental residual functional capacity form was completed on July 8, 1994, and did not indicate that the stated limitations existed as of September 30, 1989, Richardson's last insured date. See Flaten v. Secretary of Health and Human Serv., 44 F.3d 1453, 1461 n. 4 (9th Cir.1995) (holding that claimant must demonstrate disability prior to his last insured date)