132 F.3d 39
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jayne M. LINDSOE, Plaintiff-Appellant,
v.
John J. CALLAHAN*, Acting Commissioner,
Social Security Administration, Defendant-Appellee.
 No. 97-35361.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.***
Decided Dec. 22, 1997.
 
 Appeal from the United States District Court for the District of Montana Donald W. Molloy, District Judge, Presiding
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jayne M. Lindsoe appeals the district court's summary judgment affirmance of the final decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. Lindsoe alleged that she was disabled at age 36 due to chronic bilateral arm pain despite carpal tunnel and thoracic outlet surgery. An administrative law judge ("ALJ") determined that although Lindsoe had a severe impairment as defined in the Social Security Regulations, she was not disabled because she retained the residual functional capacity to perform light work. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's summary judgment upholding an ALJ's denial of benefits. See Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). We must affirm the ALJ's decision if it is supported by substantial evidence and is based upon the correct legal standards. See id.
 
 
 4
 We agree with the district court that substantial evidence supported the ALJ's rejection of Lindsoe and her husband's testimony to the extent that they testified that she is totally disabled from pain. See id. As here, an ALJ is permitted to reject excess pain testimony after consideration of all relevant factors if she provides "specific, clear, and convincing reasons for doing so." See 20 C.F.R. § 404.1529 (1995); Smolen, 80 F.3d at 1281; Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir.1991).
 
 
 5
 We also agree with the district court that substantial evidence supported the ALJ's reliance on the testimony of a vocational expert ("VE") in determining that Lindsoe retained the residual functional capacity to perform light work.[1] See Smolen, 80 F.3d at 1279. The ALJ's hypothetical posited to the VE included all of Lindsoe's impairments supported by the record. See Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir.1989). Lindsoe is correct that her left arm pain was not explicitly referenced in the hypothetical. The ALJ, however, clarified that her inclusion in the hypothetical of "nonexertional limitations as a result of chronic pain of the type and level of intensity described by the claimant" subsumed the pain in Lindsoe's left arm, and permitted Lindsoe's attorney to supplement the hypothetical to include left arm pain. See id. Finally, contrary to Lindsoe's contention, the ALJ was not required to include Dr. Hull's limitations on "prolonged sitting" or "frequent bending" because those limitations were unsupported by the record. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 John J. Callahan, Acting Commissioner, Social Security Administration, is substituted for Shirley S. Chater. See Fed. R.App. P. 43(c)(1)
 
 
 **
 * The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Lindsoe's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The ALJ stated that Lindsoe "may" be able to return to her previous work as a cashier. Because this statement does not indicate whether Lindsoe is or is not disabled from her past relevant work, we will not consider cashier as a position which Lindsoe can perform. Nevertheless, substantial evidence supported the ALJ's determination that a significant number of jobs exist (over 8,300) in the Montana economy which Lindsoe remains capable of performing. See Moncada v. Chater, 60 F.3d 521, 524 (9th Cir.1995) (holding that 2,300 jobs in San Diego county were a significant number); Barker v. Secretary of Health and Human Services, 882 F.2d 1474, 1478-80 (9th Cir.1989) (holding that 1,266 jobs in Los Angeles/Orange County area which claimant could perform were a significant number)