**Dwight ODEN, Plaintiff–Appellant,**

v.

**Kenneth S. APFEL, Commissioner of the Social Security Administration, Defendant–Appellee.**

**No. 00–15829.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2001[1].

Decided Jan. 24, 2001.

Before BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

MEMORANDUM[2]

Dwight Oden appeals pro se the district court's summary judgment affirming the Commissioner of the Social Security Administration ("Commissioner") in his denial

---

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

of disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–33. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ We review de novo the district court's grant of summary judgment and will uphold the Commissioner's denial of benefits if it is based upon the proper legal standards, and is supported by substantial evidence. *See Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir.1995).

■ Based on the medical evidence, the findings of treating and examining physicians, Oden's testimony about his daily activities, and the testimony of the vocational expert, substantial evidence supports the Commissioner's denial of disability benefits. *See id.* at 523–24 (finding substantial evidence in a treating physician's report, medical examinations, and the testimony of a vocational expert).

■ Oden's new evidence brought in the district court regarding a rehabilitation plan for reemployment is not material because there is no reasonable possibility that it would have changed the Commissioner's determination. *See Booz v. Secretary of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir.1984). Because Oden's new evidence is not material, the district court did not abuse its discretion by refusing to remand on the basis of new evidence. *See Clem v. Sullivan*, 894 F.2d 328, 332 (9th Cir.1990).

Because Oden has not shown exceptional circumstances, we decline to consider the issue of whether his disability reviews were scheduled too close together raised for the first time on appeal. *See Matney*

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).

AFFIRMED.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.