Jamie D. HILL, Plaintiff–Appellant,

v.

COMMISSIONER OF the SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.

No. 07–15117.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2008.*

Filed Aug. 15, 2008.

James Hunt Miller, Esq., Oakland, CA, for Plaintiff–Appellant.

Sara Winslow, Esq., USSF–Office of the U.S. Attorney, Jacqueline A. Forslund, Esq., SSA–Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILER **, McKEOWN, and CALLAHAN, Circuit Judges.

## MEMORANDUM ***

Hill brings a challenge to the district court's determination of her social security benefits, raising two issues. We review de novo the district court's order affirming the Commissioner's decision. *Flaten v. Secretary of HHS*, 44 F.3d 1453, 1457 (9th Cir.1995). The decision must be affirmed if substantial evidence supports the ALJ's findings and the ALJ applied the correct legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir.1995) (per curiam). We find no error in the district court's decision and dismiss Hill's petition.

The ALJ properly considered and discounted Dr. Toth's opinion in light of the full record. The ALJ must present clear and convincing reasons for rejecting the uncontroverted opinion of a claimant's physician. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989). Although a claimant's treating physician is generally entitled to deference, "the ALJ may reject the opinion of a treating physician in favor of a conflicting opinion of an examining physician if the ALJ makes 'findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.'" *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir.2002). The ALJ can "meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.*

■ There appears to be some dispute over how frequently and how many times Hill saw Dr. Toth, and thus, whether he can be considered her "treating" physician.

However, as the district court observed, even if it is assumed that he was in fact Hill's treating physician, "substantial evidence" in the record contradicts his views. *Thomas*, 278 F.3d at 957. The ALJ carefully analyzed the several opinions in the record and ultimately struck upon a compromise view of Hill's condition and her potential to work that fell somewhere between the views of Dr. Toth (a family practitioner), those of Dr. Sturtz (a board certified orthopedist), and those of other physicians who evaluated her. The ALJ's careful and detailed discussion satisfies the "clear and convincing" standard and justifies his rejection of Dr. Toth's opinion.

Hill next argues that the ALJ discredited her statements regarding her symptoms. "In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir.2005). In addition, Social Security Ruling 88–13 lists a number of factors the ALJ may consider. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1995)

■ Here, the ALJ did not make a generalized credibility determination, but carefully weighed Hill's statements in light of the rest of the record, indicating why he was skeptical of some of her claims. In particular, he noted that Hill admits that she can "perform all of the activities of daily living including meal preparation for herself and her children," that she "does

---

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

not appear to be motivated to change her condition," and that the "number and frequency of doctor visits documented in the record is less than what I would expect from the degree of impairment alleged by the claimant." The ALJ's interpretation was rational, and because the evidence here is "susceptible to more than one rational interpretation," we must uphold the ALJ's decision. *Burch,* 400 F.3d at 680–81.

**AFFIRMED.**