MEMORANDUM ***
Tina Grisham challenges the determination that she is not eligible for disability *536 benefits under the Social Security Act. Grisham contends, among other things, that pain due to multiple ventral hernias and accompanying stomach surgeries precludes her from working. She specifically argues that the Administrative Law Judge (ALJ): (1) improperly discredited her disabling pain testimony; and (2) improperly considered the reviewing state physicians’ opinions in determining her residual functioning capacity (RFC). We review de novo a district court’s order affirming an ALJ’s decision on disability benefits. Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir.2001). The ALJ’s decision “may be reversed only if it is not supported by substantial evidence or if it is based on legal error.” Id. We find no error in the district court’s decision and affirm.
The ALJ has the authority to determine credibility and resolve inconsistencies. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989). If an ALJ disbelieves a disabling pain allegation that is based on a demonstrated impairment, the “ALJ must make specific findings justifying that decision.” Fair v. Bowen, 885 F.2d 597, 602 (9th Cir.1989). Here, the ALJ found Grisham’s disabling pain allegation not credible and determined that her RFC allowed performance of her past relevant work as a telemarketer or cashier. First, the ALJ highlighted inconsistencies within Grisham’s own testimony; for example, the ALJ pointed to her alleged reliance on others for help and her ability to care for herself on a daily basis, noting that her reliance on others was “somewhat inconsistent with [Plaintiff’s] reports of Activities of Daily [L]iving which indicate that [Plaintiff] had no trouble with personal care, cooking, and some housework and shopping.” Additionally, the ALJ noted that plaintiff treated her pain with Tylenol. Second, the ALJ observed inconsistencies between Grisham’s disabling pain allegation and the medical evidence in the record. For example, the ALJ emphasized the fact that Dr. Whitman, a treating physician, reported that upon plaintiff’s discharge from the hospital she “did very well and she was breathing well without oxygen. Dr. Whitman noted the [plaintiffs] condition was described as good and improving and her long-term prognosis was excellent.” The ALJ properly justified, with clear and specific reasons, his decision to not credit Grisham’s disabling pain allegation. See, e.g., Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175 (9th Cir.2008); Moncada v. Chater, 60 F.3d 521, 524 (9th Cir.1995).
Grisham also contends that the ALJ improperly relied on the state physicians’ medical assessments when determining her RFC. In the RFC assessment, the examining physician’s opinion carries more weight than a non-treating physician’s opinion; however, “[t]he opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.” Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir.2002). The ALJ properly relied on the state doctors’ assessments in concluding that Grisham’s RFC allowed her “to perform light and sedentary work with restrictions.” It is not surprising that the ALJ credited both the testimony of the treating physician and the state doctors. In fact, the state doctors’ opinions were consistent with the treating physician’s finding that Grisham had the ability to do some level of work. Notably, the state doctors ascribed Gris-ham a lower ability level than that found by her treating doctor. In light of the treating physician’s opinion and the record as a whole, the ALJ properly relied on the *537 views of the state doctors in determining Grisham’s RFC.
AFFIRMED.

 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).