**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 04 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



HELEN M. BUTLER,

            Plaintiff - Appellant,

  v.

COMMISSIONER OF SOCIAL
SECURITY,

            Defendant - Appellee.

No. 13-16213

D.C. No. 1:12-cv-00069-SMS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Sandra M. Snyder, Magistrate Judge, Presiding[**]

Submitted December 2, 2014[***]

Before: GOULD, BERZON, and BEA, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

    [***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Helen Butler appeals the district court's judgment affirming the Commissioner of Social Security's denial of her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Butler contends that the administrative law judge ("ALJ") erred by failing to provide a legally sufficient rationale for rejecting testifying non-examining medical expert Dr. Gurvey's residual functional capacity ("RFC") assessment that she could stand and walk only four to six hours out of an eight hour workday. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

We review the district court's order *de novo*. *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). We must affirm if substantial evidence supports the ALJ's findings and the ALJ applied the correct legal standards. *Moncada v. Chater*, 60 F.3d 521, 525 (9th Cir. 1995). The ALJ need not accept the opinion of a doctor if that opinion is inadequately supported by clinical findings, *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005), and the ALJ must resolve any conflicts in the medical evidence, *Thomas v. Barnhart*, 278 F.3d 947, 956–57 (9th Cir. 2002).

The ALJ properly rejected Dr. Gurvey's four to six hour stand and walk RFC assessment because it is not supported by objective evidence and because it contradicts the six hour stand and walk RFC assessment made by state agency

consultant Dr. Khong. First, Dr. Gurvey's assessment was based on his assumption that Butler was fully credible about her subjective complaints of pain. But the ALJ found Butler's complaints about the debilitating effects of her pain not credible and gave specific, clear and convincing reasons for his negative credibility finding. Butler does not challenge the ALJ's credibility finding because she did not raise this issue in her opening brief. *See Avenetti v. Barnhart*, 456 F.3d 1122, 1125 (9th Cir. 2006) (stating that issues not raised in the briefs are deemed waived). Dr. Gurvey conceded that some of the records were "just not supported by any of the medical data" or were based on Butler's subjective complaints of pain.

Also, Dr. Gurvey's assessment contradicted the opinion of non-examining state agency physician Dr. Anne Khong, who concluded that Butler had the residual functional capacity to stand or walk six to eight hours out of an eight-hour workday. Dr. Khong's conclusion was based on her review of the treatment record, progress notes dating back to 2006, and the independent examination findings and report of consultative examiner Dr. Bhangoo. The six hour stand and walk RFC assessment was also consistent with the opinions of other state agency consultants, including examining physician Dr. Sarupinder Bhangoo, who opined that Butler could stand or walk six to eight hours out of an eight hour day.

3

The ALJ thoroughly and reasonably considered the medical evidence in the record, and the ALJ adequately explained why he was accepting the standing and walking limitation of the examining and non-examining state agency consultants over the opinion of medical expert Dr. Gurvey. Based on the six hour standing and walking limitation, the vocational expert opined that Butler could perform her past relevant work of cashier/checker. Substantial evidence supports the ALJ's determination that Butler is not disabled.

**AFFIRMED**.