NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

FEB 08 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



ERIC F. GARRISON,

  Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

  Defendant - Appellee.

No. 13-36070

D.C. No. 2:13-cv-00326-JLR

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted February 4, 2016**
Seattle, Washington

Before:    **KOZINSKI**, **O'SCANNLAIN** and **GOULD**, Circuit Judges.

**1.** The ALJ did not err by assigning "little weight" to the opinion of Dr.

Yuodelis-Flores.  An ALJ may discount the opinion of a treating physician when

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  ** The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

he provides "specific and legitimate reasons" for doing so. <u>Lester</u> v. <u>Chater</u>, 81 F.3d 821, 830–31 (9th Cir. 1996) (as amended). The ALJ offered two specific and legitimate reasons to distrust Dr. Yuodelis-Flores, both of which are amply supported by the record. First, Dr. Yuodelis-Flores's opinion was inconsistent with a report from Dr. Koenen, another one of Garrison's examining physicians. <u>See</u> <u>Edlund</u> v. <u>Massanari</u>, 253 F.3d 1152, 1156 (9th Cir. 2001) (as amended) (noting that ALJs are responsible for "resolving conflicts in medical testimony"). Second, Dr. Yuodelis-Flores reported that some of the memory problems she observed in Garrison might be explained by his "discomfort during [the] interview."

**2.** The ALJ did not err in discounting the opinion of Dr. Carstens. As the ALJ correctly noted, Dr. Carstens's report was internally inconsistent. One portion of Dr. Carstens's report suggested that Garrison suffered from "marked" social and functional limitations, but a later portion of the same report suggested that Garrison's functional limitations were mild or even non-existent. Because Dr. Carstens's opinion was confusing and illogical, the ALJ was within his discretion to assign it "little weight."

**3.** The ALJ did not err in discounting the opinion of Dr. Widlan. Dr. Widlan suggested that Garrison had markedly impaired abilities to function in the workplace. But this opinion was inconsistent with that of Dr. Koenen, who reported that Garrison's limitations were much less severe. Given the difference in opinion among examining physicians, the ALJ was entitled to discount the more severe assessment offered by Dr. Widlan. See Edlund, 253 F.3d at 1156.

**4.** The ALJ did not err in discounting the psychometric assessment prepared by Sara Trusz, a student working under the supervision of Dr. Wieneke. Trusz found that Garrison's "working memory" was in the bottom .01 percentile, and that most of his memory abilities were in the "[e]xtremely [l]ow" range. The ALJ distrusted this radical assessment of Garrison's functioning because other reports were "more consistent with [Garrison's] demonstrated functioning as evidenced by his daily activities." Trusz's report cannot be squared with the facts that Garrison attended community college, showed up for his AA meetings, cleaned the condo where he lived, shopped, cooked and reliably attended his medical appointments. The gap between Trusz's assessment of Garrison and Garrison's own account of his daily activities was a sufficient reason for discounting the psychometric analysis.

**5.** The district court found that Garrison waived any argument regarding his own credibility by failing to identify any specific errors in the ALJ's decision. Because Garrison waived this line of argument below, we will not consider it for the first time on appeal. See Spurlock v. FBI, 69 F.3d 1010, 1017 (9th Cir. 1995). In any event, the ALJ provided a specific and valid reason for discrediting Garrison's testimony. As the ALJ noted, Garrison's reports concerning his own limitations were belied by evidence of his daily activities. See Moncada v. Chater, 60 F.3d 521, 524 (9th Cir. 1995).

**6.** The Commissioner's unopposed motion for judicial notice of AM 13066 is **GRANTED.**

**AFFIRMED.**