112 F.3d 515
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert A. BEATTY, Plaintiff-Appellant,
v.
Shirley S. CHATER*, Commissioner, Social
Security Administration, Defendant-Appellee.
 No. 96-16149.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.**
Decided April 25, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Robert A. Beatty appeals the district court's summary judgment affirming the final decision of the Commissioner of Social Security Administration which denied Beatty's application for disability insurance benefits under 42 U.S.C. § 405(g). Beatty contends that: (1) the administrative law judge's ("ALJ") finding that a substantial number of jobs existed in the national economy was not supported by substantial evidence; and (2) the ALJ improperly disregarded the cross-examination testimony of the vocational expert. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's summary judgment upholding a denial of benefits. See Moncada v. Chater, 60 F.3d 521, 523 (1995) (citation omitted). We must affirm the decision if substantial evidence supports the findings of the ALJ and the ALJ applied the correct legal standards. See id. Substantial evidence is more than a mere scintilla but less than a preponderance. See id. Where evidence is susceptible to more than one reasonable interpretation, we must uphold the ALJ's decision. See id.
 
 A. Substantial Number of Jobs
 
 4
 Beatty contends that the ALJ's finding that a substantial number of jobs existed in the national economy was not supported by substantial evidence. We disagree.
 
 
 5
 "Whether there are a significant number of jobs a claimant is able to perform with his limitations is a question of fact to be determined by the judicial officer." Martinez v. Heckler, 807 F.2d 771, 775 (9th Cir.1986). This inquiry requires the ALJ "to determine an issue that is not unique to each claimant--the types and numbers of jobs that exist in the national economy. This type of general factual issue may be resolved as fairly through rulemaking as by introducing the testimony of vocational experts at each disability hearing." Heckler v. Campbell, 461 U.S. 458, 468 (1983).
 
 
 6
 Here, Beatty did not challenge that he retained the residual functional capacity to perform a full range of light work, was of advanced age, had greater than a high school education, and acquired transferable skills. The direct testimony of the vocational expert established that there were significant draftsman and cost estimator jobs in the local and regional economies. See Moncada, 60 F.3d at 524; Martinez, 807 F.2d at 775; see also 20 C.F.R. § 404.1566(b) (stating that work exists in national economy when there is significant number of jobs having requirements which claimant is able to meet with claimant's physical or mental abilities and vocational qualifications). Accordingly, the ALJ's finding that a substantial number of jobs existed in the national economy was supported by substantial evidence. See Moncada, 60 F.3d at 523.
 
 
 7
 B. Cross-Examination Testimony of Vocational Expert
 
 
 8
 Beatty also contends that the ALJ improperly disregarded the cross-examination testimony of the vocational expert. We disagree.
 
 
 9
 A claimant is not disabled if he remains unemployed because he would not actually be hired to do work he could otherwise do. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1566(c)(7); Barker v. Secretary of Health and Human Services, 882 F.2d 1474, 1478 (9th Cir.1989). It is legally irrelevant to consider whether the claimant would actually be hired if the claimant applied for work. See Vidal v. Harris, 637 F.2d 710, 712 (9th Cir.1981).
 
 
 10
 Here, the cross-examination testimony of the vocational expert was only relevant to whether Beatty was actually employable, and not relevant to whether substantial gainful work existed in significant numbers. See 42 U.S.C. § 423(d)(2)(A); Martinez, 807 F.2d at 775. Accordingly, the ALJ properly disregarded this cross-examination testimony. See 42 U.S.C. § 423(d)(2)(A); Martinez, 807 F.2d at 775.
 
 
 11
 AFFIRMED.
 
 
 
 *
 In accordance with section 106(d) of the Social Security Independence and Program Improvements Act of 1994, 42 U.S.C. § 901, Shirley S. Chater, Commissioner of Social Security Administration, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant-appellee
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3