116 F.3d 483
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jacqueline ERMEY, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration, Defendant-Appellee.
 No. 96-35542.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
Decided June 20, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, No. CV-95-05409-FDB; Franklin D. Burgess, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jacqueline Ermey appeals the district court's order affirming the final decision of the Commissioner of Social Security Administration ("Commissioner") denying Ermey's application for disability insurance benefits under 42 U.S.C. § 405(g). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse and remand in part.
 
 
 3
 We review de novo the district court's upholding of a denial of benefits. See Moncada v. Chater, 60 F.3d 521, 523 (9th Cir.1995) (per curiam) (citation omitted). We affirm the denial of benefits if substantial evidence supports the findings of the administrative law judge ("ALJ"), and if the ALJ applied the correct legal standards. See id.
 
 
 4
 A. Significant Number of Jobs.
 
 
 5
 Ermey contends that substantial evidence does not support the ALJ's finding that she could perform a significant number of jobs existing in the national economy. This contention lacks merit.
 
 
 6
 A claimant is not disabled if, considering her age, education, and work experience, she can engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives. See Barker v. Secretary of Health and Human Serv., 882 F.2d 1474, 1478 (9th Cir.1989) (citing 42 U.S.C. § 423(d)(2)(A) (1982 & Supp.1987)). Whether there is a significant number of jobs a claimant is able to perform with her limitations is a question of fact to be determined by a judicial officer. See Martinez v. Heckler, 807 F.2d 771, 775 (9th Cir.1986).
 
 
 7
 Here, the vocational expert testified that there were approximately 29,000 telemarketing jobs existing in the national economy (with 6,000 in the west and 500 to 600 in Washington) that could be performed in a home setting. He also testified that there were approximately 7,000 peripheral equipment operator jobs in the national economy that could be performed in a home setting. Such job numbers are significant enough to meet the requirements of 42 U.S.C. § 423(d)(2)(A). See Barker, 882 F.2d at 1478-79 (concluding that 1,266 jobs in greater Los Angeles area is significant amount). Thus, substantial evidence supports the ALJ's finding that there were a significant number of jobs in the national economy that Ermey could perform. See id.
 
 
 8
 B. Opinion of Treating Physician.
 
 
 9
 Ermey also contends that the ALJ erred in disregarding the opinion of her treating physician. We disagree.
 
 
 10
 "[T]he opinion of the treating physician may be rejected only if the ALJ gives specific, legitimate reasons for doing so that are based on substantial evidence in the record." Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir.1995) (citation omitted).
 
 
 11
 Here, the ALJ agreed with Ermey's treating physician that Ermey was medically incapacitated due to a condition of multiple chemical sensitivities and was therefore unable to work in a typical work environment. Although Ermey's physician stated in his report that Ermey could not work in "any conceivable employment situation," he concluded that she might be able to work at home. The ALJ agreed with the physician that Ermey could work at home. Thus, because the ALJ's findings were consistent with her physician's opinion, Ermey's argument fails. See id.; see also Macri v. Chater, 93 F.3d 540, 545 (9th Cir.1996) (disagreeing with contention that ALJ erred by rejecting opinion of treating physician, where ALJ's determinations were consistent with physician's opinion).
 
 
 12
 C. Transferability of Skills.
 
 
 13
 Ermey, who was fifty-six at the time of the hearing, also contends that the ALJ failed to address the extent of "vocational adjustment" required for the identified jobs, as is necessary for someone of advanced age. This contention has merit.
 
 
 14
 Agency regulations consider "advanced age" (age fifty-five or older) as "the point where age significantly affects a person's ability to do substantial gainful activity." Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir.1990) (citing 20 C.F.R. § 404.1563(d)). For claimants of advanced age to be not disabled, they must have acquired skills from their past work that are transferable to skilled or semiskilled work. See id. "The ALJ must either make a finding of 'very little vocational adjustment' or otherwise acknowledge that a more stringent test is being applied which takes into consideration [claimant's] age." Renner v. Heckler, 786 F.2d 1421, 1423 (9th Cir.1986) (per curiam) (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 2, 201.00(f)).[1]
 
 
 15
 Here, the ALJ made no finding that Ermey would require "very little, if any, vocational adjustment," nor did he acknowledge that a more stringent test was being applied. See id. The vocational expert did not address whether Ermey could vocationally adjust to telemarketer or peripheral equipment operator jobs in terms of "tools, work processes, work settings, or the industry." See Rule 201.00(f). Indeed, when testifying about word processing in a home environment, the vocational expert stated: "I'm not real familiar with it myself" and "I'm not a, you know, a real expert on this modem stuff[.]" Thus, the record does not support the ALJ's conclusion that Ermey was not disabled for purposes of social security disability benefits. See Renner, 786 F.2d at 1423. We remand for a determination of the transferability of Ermey's skills and whether vocational adjustment is required for her to perform the identified jobs. See id. at 1425.
 
 
 16
 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Rule 201.00(f) provides: "In order to find transferability of skills to skilled sedentary work for individuals who are of advanced age (55 and over), there must be very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry."