Gregoria RIOS, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant–Appellee.

No. 04–56573.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2006.*

Filed Dec. 27, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Laura Lackey–Krank, Esq., Law Offices of Rohlfing & Kalagian, Long Beach, CA, for Plaintiff–Appellant.

Kim Joann, Esq., United States Social Security Administration, San Francisco, CA, for Defendant–Appellee.

Before: PREGERSON, SILVERMAN, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Gregoria Rios appeals from an adverse summary judgment in favor of the Social Security Administration (the "Commissioner"), affirming the Commissioner's denial of disability benefits. Rios claims that an administrative law judge ("ALJ") erred when he found that Rios did not qualify as disabled because she did not meet or equal a "listing" in the Social Security regulations. Furthermore, Rios alleges that the ALJ improperly discounted her subjective pain testimony without providing appropriate justification. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's order affirming the ALJ's decision to deny benefits. *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir.1999). We "may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error." *Jamerson v. Chater,* 112 F.3d 1064, 1066 (9th Cir.1997). "Where the evidence as a whole can support either outcome, we may not substitute our judgment for the ALJ's." *Key v. Heckler,* 754 F.2d 1545, 1549 (9th Cir.1985).

To determine whether a claimant is entitled to disability benefits under the Social Security Act, an ALJ must apply a five-step sequential test. *See* 20 C.F.R. § 404.1520. Here, Rios challenges the ALJ's findings only at steps three and four of the analysis. *See id.* § 404.1520(a)(4)(iii) & (iv).

At step three of the disability inquiry, the ALJ must determine whether the claimant's impairment (or combination of impairments) meets or equals an impairment in the Listing of Impairments set forth at 20 C.F.R. Part 404, Subpart P, Appendix 1; if so, the claimant is presumed disabled and entitled to benefits. *See Bowen v. Yuckert,* 482 U.S. 137, 141, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). To *meet* a listed impairment, a claimant must show that she satisfies each characteristic of a listed impairment relevant to her claim and must have every finding specified in the listing. *See Moncada v. Chater,* 60 F.3d 521, 523 (9th Cir.1995) (per curiam); *see also Tackett,* 180 F.3d at 1099. On the other hand, to *equal* a listed impairment, the claimant must establish "symptoms, signs and laboratory findings

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

'at least equal in severity and duration' to the characteristics of a relevant listed impairment." *Id.* (quoting 20 C.F.R. § 404.1526(a)).

■ Under listing 9.08(A), a claimant must show a diagnosis of diabetes mellitus with "[n]europathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station." 20 C.F.R. § 404, Subpt. P, App. 1, § 9.08(A).

Rios claims that she meets listing 9.08(A) because her treating physician, Dr. Erick Carcamo, prescribed her a wheelchair and a shower chair and diagnosed her with "advanced peripheral neuropathy." However, the mere diagnosis of an element of a listed impairment is not sufficient proof of disability; the claimant must also establish the findings shown in the listing in question. *See Moncada,* 60 F.3d at 523; *Key,* 754 F.2d at 1549–50. Rios's medical records do not support a finding that she suffers from "significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station." None of Dr. Carcamo's treatment notes indicated that he prescribed the wheelchair and shower chair because they were necessary; indeed, nowhere does Dr. Carcamo list symptoms that demonstrate Rios satisfies the listing 9.08(A) requirements. Furthermore, Rios conceded in her testimony before the ALJ that she *asked* for the wheelchair, and there is no indication from Dr. Carcamo's notes that he intended to prescribe either the wheelchair or the shower chair absent Rios's request.

In addition, an evaluation by a nontreating physician supported by independent clinical findings contradicts Rios's claim that she meets listing 9.08(A). *See An-drews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir.1995) (finding that the nontreating physician's opinion may constitute substantial evidence for discrediting the treating physician's opinion). Dr. Shalon Nash, whom the Commissioner retained in August of 1999 to examine Rios, concluded that she had no impairment-related physical limitations and that motor, strength, and sensory testing revealed no abnormalities. Indeed, he concluded that Rios would *"subjectively* limit herself" (emphasis added). To the extent that Dr. Nash's findings contradict those of Dr. Seung Ha Lim, an earlier examining physician, the ALJ was entitled to resolve conflicting medical evidence at his discretion. *See, e.g., Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir.1989) ("The ALJ is responsible for ... resolving conflicts in medical testimony."). Thus, substantial evidence supports the ALJ's finding that Rios did not meet listing 9.08(A).

■ Rios also does not meet listing 9.08(B) because she has not shown a diagnosis of diabetes mellitus with "[a]cidosis occurring at least on the average of once every two months *documented by appropriate blood chemical tests."* 20 C.F.R. § 404, Subpt. P, App. 1, § 9.08(B) (emphasis added). Rios claims that since her blood chemical tests show that she has diabetic ketoacidosis, she meets listing 9.08(B). Her assertion is not supported by the record. Rios highlights seven pH or bicarbonate readings to support her claim; however, these results are isolated readings from only four months over a two-year period, and they fall far short of establishing that Rios suffers from acidosis "at least on the average of once every two months." In addition, other readings reveal pH and bicarbonate levels outside the accepted range for a diagnosis of diabetic ketoacidosis. As a result, substantial evidence supports the ALJ's determination

that Rios did not meet one of the necessary listings.

Rios argues further that the ALJ had an affirmative duty to explain why Rios's impairments, when viewed in combination, did not equal a listed impairment. This argument is unavailing. Rios has presented no alternative test results to demonstrate equivalence, *see Marcia v. Sullivan,* 900 F.2d 172, 176 (9th Cir.1990), and she has offered "no theory, plausible or otherwise, as to how [her impairments] combined to equal a listed impairment." *Lewis v. Apfel,* 236 F.3d 503, 514 (9th Cir. 2001). Because it is unnecessary for an ALJ to state why a claimant failed to satisfy every section of a listing, *see Gonzalez v. Sullivan,* 914 F.2d 1197, 1200–01 (9th Cir.1990), the ALJ was not required to state explicitly why Rios did not equal a particular listing.

At step four of the disability inquiry, the ALJ must assess whether the claimant retains residual functional capacity to perform prior work. At this stage, the claimant's subjective statements may intimate greater limitation than the medical evidence alone. *Tonapetyan v. Halter,* 242 F.3d 1144, 1147 (9th Cir.2001) (citing Social Security Ruling 96–7p). As a result, the ALJ cannot reject the claimant's symptoms based solely on objective medical evidence, and he must provide "specific, convincing reasons for rejecting the claimant's subjective statements." *Id.* at 1148.

■ In this case, the ALJ provided specific reasons for discrediting Rios's statements. The clinical evidence demonstrated that Rios was capable of returning to her previous work where she remained seated most of the day and did not lift objects over ten pounds. While it is true that the ALJ found the objective medical evidence "particularly significant," he did not base his decision solely on that data.

Instead, he provided additional support for discounting Rios's subjective pain.

First, the ALJ noted "a significant gap in the claimant's medical records (essentially November 1999 through July 2001)" and faulted Rios for failing to support her case with additional medical evidence. Second, the ALJ discounted Rios's subjective complaints based on her testimony that she stopped working because she was laid off—and not because of her physical limitations. In the evaluation of Rios's subjective complaints, consideration of her work record was appropriate. *See Drouin v. Sullivan,* 966 F.2d 1255, 1258–59 (9th Cir.1992). Combined with the objective medical evidence, the ALJ's consideration of Rios's work record and the minimal medical evidence put forth to support Rios's disability claim was sufficient to satisfy his burden. As a result, substantial evidence in the record supports the ALJ's decision to discount Rios's subjective pain complaints.

AFFIRMED.