**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINDA LEMAUGA, | No. 15-56611 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-01282-CAB-PCL |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted March 6, 2017
Pasadena, California

Before: PREGERSON, PAEZ, and BERZON, Circuit Judges.

Linda Lemauga appeals the district court's grant of summary judgment

upholding the Administrative Law Judge's (ALJ) denial of disability insurance

benefits. We have jurisdiction under 28 U.S.C. § 1291. We review the district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

court's decision de novo and the ALJ's decision for substantial evidence. *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). We reverse and remand.

This disability appeal involves only Step 5 of the five-step disability analysis. At Step 5, the ALJ found that Lemauga could perform three jobs that existed in significant numbers in the economy: (1) dowel inspector, (2) ticket checker, and (3) telephone clerk.

The Commissioner concedes that the ALJ erred in relying on the ticket checker and telephone clerk jobs, because those jobs require reasoning levels inconsistent with Lemauga's residual functional capacity. Therefore, the sole issue before us is whether the ALJ's error in relying on the ticket checker and telephone clerk jobs was harmless. This question turns on whether a reasonable ALJ could conclude that the limited availability of such inspector jobs, by itself, is enough to support a disability determination. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015).

The vocational expert testified that there were 1,530 available inspector jobs in the regional economy and 12,600 available inspector jobs in the national economy. If either number is deemed significant, then the ALJ's decision must be upheld. *See Beltran v. Astrue*, 700 F.3d 386, 389-90 (9th Cir. 2012).

1.  In evaluating whether regional job numbers are significant, a comparison to other cases and similarly-sized regions is "instructive." *See id*. at 389 (comparing 135 available jobs in the Los Angeles/Orange County area to other cases involving higher jobs numbers in metropolitan areas); *see also Allino v. Colvin*, 83 F. Supp. 3d 881, 887 (N.D. Cal. 2015). Here, neither the vocational expert, nor the ALJ, specified the size of the region in which the 1,530 available inspector jobs exist. Without knowing the geographic size of the region in this case, we cannot meaningfully compare this case to others to assess whether 1,530 available jobs is significant. After all, 1,530 jobs in a metropolitan area is different from 1,530 jobs in an entire state, especially a state as large as California. *Cf. Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528 (9th Cir. 2002). As we cannot "confidently conclude" that the error was harmless, we remand to the district court with instructions to remand to the ALJ for further proceedings to define the region

and evaluate whether the vocational expert's regional job number is significant.[1]

*See Marsh*, 792 F.3d at 1173 (remanding to the ALJ was appropriate where the court could not "confidently conclude" that the ALJ's error was harmless).

2. The government does not argue before us that the 12,600 available dowel inspector jobs in the national economy represent a significant number. We note that this court has never found a similar number to be significant. *Cf. Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528-29 (9th Cir. 2002) (25,000 nationwide jobs was significant); *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002) (622,000 nationwide jobs was significant); *Moore v. Apfel*, 216 F.3d 864, 869 (9th

---

[1] Lemauga did not waive her challenge to the individual significance of the inspector job numbers by not raising that specific issue before the ALJ. The significance of the inspector job numbers is part and parcel of our harmless error analysis for her claim that the ALJ erred in relying on the telephone clerk and ticket checker jobs. In that respect, this case is unlike *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). In *Meanel*, the claimant raised new statistical evidence for the first time on appeal, thus depriving the Commissioner of an opportunity to evaluate that evidence, which the "ALJ, rather than this Court, was in the optimal position" to do. *Id*. Here, Lemauga simply asks this court to determine whether the ALJ's error was harmless. Lemauga should not be faulted for failing to make an argument before the ALJ that, at the time, was not pertinent. At the ALJ hearing, the parties operated under the assumption that the available jobs numbers for all three jobs were properly included in the analysis. The telephone clerk job represented 164,000 jobs in the nation and all three jobs in the aggregate represented 4,330 jobs in the region and 246,600 jobs in the nation. These numbers were clearly significant. *Gutierrez*, 740 F.3d at 528 (2,500 jobs in the state of California and 25,000 nationwide jobs were significant).

Cir. 2000) (125,000 nationwide jobs was significant); *Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir. 1995) (64,000 nationwide jobs was significant).

**REVERSED AND REMANDED.**